**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SCOTT C. CORNISH, | : |
|     Plaintiff, | : CIVIL ACTION NO. 08-6395 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| MORRIS COMMUNICATIONS COMPANY, LLC, | : |
|     Defendant. | : |

**COOPER, District Judge**

The plaintiff, Scott C. Cornish, brought this action against the defendant, Morris Communications Company, LLC, asserting claims for (1) breach of contract, (2) breach of duty of good faith and fair dealing, and (3) tortious interference with prospective economic advantage. (Dkt. entry no. 9, Am. Compl. at ¶¶ 18, 21, 24.) The defendant's motion to dismiss for lack of personal jurisdiction was denied on July 16, 2009. (Dkt. entry no. 18, 7-16-09 Order.) The defendant now moves to transfer venue to the United States District Court for the Southern District of Georgia. (Dkt. entry no. 21, Mot. to Transfer Venue.) The plaintiff opposes the motion. (Dkt. entry no. 23, Pl. Br.) The Court determines the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will deny the motion to transfer venue.

**BACKGROUND**

The plaintiff is a New Jersey citizen who provides consulting services to the printing industry. (Am. Compl. at ¶ 1.)  The defendant is a limited liability company with its headquarters located in Georgia. (Dkt. entry no. 10, House Aff. at ¶ 2.)  The defendant is deemed to be a citizen of Georgia. (Am. Compl. at ¶ 2.)

The defendant's Chief Information Officer, Steven B. Strout, contacted the plaintiff in New Jersey to discuss retaining the plaintiff to implement a Print Quality Improvement Program for six newspapers owned by the defendant. (Id. at ¶ 6.)  On January 17, 2007, the plaintiff and the defendant formalized a consulting agreement ("Agreement"). (Dkt. entry. no. 10, Ex. I, 1-17-07 Agreement.)  The Agreement specified the plaintiff's consulting duties. (Id.)  The plaintiff was responsible for conducting pre-site visit analysis of specified documents, on-site assessments at the six selected newspapers, follow up analysis and assessment as needed, training and coaching of personnel, and development and implementation of a newspaper quality evaluation program. (Id.)  While the Agreement required some travel to assess the newspapers on-site, the plaintiff alleges that the majority of his work was to be performed in his New Jersey home office. (Am. Compl. at ¶ 7.)  The plaintiff was also to store the project materials in his home. (1-17-07 Agreement.)  The Agreement does

2

not state, in the event of litigation between the parties, whether (1) the law of Georgia or New Jersey applies, or (2) a civil action must proceed in a particular court. (See generally id.)

The plaintiff alleges that he performed the evaluation and assessment services required by the Agreement. (Am. Compl. at ¶ 10.) The plaintiff alleges that the defendant breached the Agreement by failing to comply with its terms and terminating the Agreement without cause. (Id. at ¶ 18.)

The defendant now moves to transfer venue pursuant to 28 U.S.C. § ("Section") 1404 to the United States District Court for the Southern District of Georgia. (Mot. to Transfer Venue.) The plaintiff opposes the motion. (Pl. Br.)

## DISCUSSION

**I. Motion to Transfer Legal Standard**

Section 1404 provides for the transfer of an action to a more convenient forum. 28 U.S.C. § 1404(a). Pursuant to Section 1404, "a district court may transfer any civil action to any other district or division where it might have been brought." Id. A court may do so only if the transfer is "in the interest of justice" and "[f]or the convenience of parties." Id. Transfer is only appropriate when the proposed venue is one in which the action might have originally been brought. Id. Thus, the Court must make an initial determination that the proposed

forum is appropriate.  Zapf v. Bamber, No. 04-3823, 2005 U.S. Dist. LEXIS 36379, at *3 (D.N.J. Aug. 26, 2005).

Section 1391 provides the guidelines in diversity cases for determining whether venue is appropriate.  28 U.S.C. § 1391(a).  Under Section 1391, venue is proper "in a judicial district where any defendant resides if all defendants reside in the same State [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  Id.

If the proposed alternative forum is appropriate, it is then within the Court's discretion to transfer the action.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995).  The party seeking to transfer venue bears the burden of demonstrating that transfer is appropriate.  Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).  While the decision remains in the Court's discretion, it "is not to be liberally granted."  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted).

To determine whether transfer is proper, the Court should evaluate several factors, including those enumerated in Section 1404 and additional private and public interests.  Jumara, 55 F.3d at 879.  The Court should evaluate private interests including:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and

> financial condition; the convenience of the witnesses -
> but only to the extent that the witnesses may actually
> be unavailable for trial in the fora; and the location
> of books and records (similarly limited to the extent
> that the files could not be produced in the alternative
> forum).

Id. (citations omitted).  The Court should also evaluate public interests including:

> the enforceability of the judgment; practical
> considerations that would make the trial easy,
> expeditious or inexpensive; the relative administrative
> difficulty in the two fora resulting from court
> congestion; the local interest in deciding local
> controversies at home, the public policies of the fora;
> and the familiarity of the trial judge with the
> applicable state law in diversity cases.

Id. at 879-80 (citations omitted).

**II.  Application of the Legal Standard**

The Court must first determine whether the proposed venue is an appropriate forum for the action, determining whether a "substantial part of the events . . . giving rise to the claim occurred" in the Southern District of Georgia or whether the defendant resides in that district.  28 U.S.C. § 1391; Shutte, 431 F.2d at 24.  The defendant has its principal place of business in and is deemed to be a citizen of Augusta, Georgia, which is within the Southern District of Georgia.  (Am. Compl. at ¶ 2.)  Venue would be appropriate in the Southern District of Georgia.  See 28 U.S.C. § 1391(a).

The defendant still must demonstrate that the Southern District of Georgia is the more convenient forum.  See Yocham,

565 F.Supp.2d at 557.  The defendant asserts that transfer is appropriate based on the evaluation of the Jumara factors.  (Dkt. entry no. 21, Def. Br. at 7.)  The defendant notes that while not all of the Jumara factors are relevant, those that are weigh in favor of transferring venue.  (Id.)  The defendant states that its preference, the location in which the claim arose, and the convenience of the witnesses all dictate that transfer is proper.  (Id.)  The defendant further states that practical considerations, the local interest in deciding local controversies at home, and the familiarity of the trial judge with applicable state law in diversity cases also favor transferring venue. (Id. at 5-6.)  The plaintiff argues that a plaintiff's choice of forum is given greater weight, that the defendant failed to articulate the necessity of the witnesses for whom New Jersey is an inconvenient forum, and that the defendant's alleged public interests are insufficient to favor transfer.  (Pl. Br. at 10-14.)

    The Court, in its broad discretion under Section 1404, finds that transfer is not appropriate in this case.  The defendant has failed to show that the public and private factors favor transfer to the Southern District of Georgia.  The defendant must demonstrate that the "interests weigh in favor of the transfer," and the defendant has failed to do so.  Shutte, 431 F.2d at 25.

**A.   Private Factors**

**1.   Plaintiff's Choice of Venue**

The defendant asserts that its preference is having the case transferred to the Southern District of Georgia. (Def. Br. at 4.) However, when determining whether transfer is appropriate, the Court should afford heavy weight to the plaintiff's choice of venue when the choice is plaintiff's home forum. Prudential Ins. Co. v. Robinson-Downs, No. 07-1917, 2008 U.S. Dist. LEXIS 63306, at *11 (D.N.J. Aug. 18, 2008).

The plaintiff is a citizen of New Jersey. (Am. Compl. at ¶ 1.) His choice of forum should be given deference and special weight because he has selected his home forum. See Prudential, 2008 U.S. Dist. LEXIS 63306, at *11. The defendant seeks to transfer the case, but the defendant's preference is given less weight. Shutte, 431 F.2d at 25. The defendant has failed to demonstrate that the balance of convenience is strongly in its favor, and plaintiff's choice prevails. Further, the defendant failed to insert a forum selection clause into the Agreement, and thus the defendant could reasonably expect to appear in a New Jersey court. (1-17-07 Agreement.)

**2.   Convenience of Parties and Witnesses**

The defendant further alleges that transfer is proper for the convenience of the witnesses. (Def. Br. at 4.) The movant must demonstrate that the inconvenience to the witnesses favors

7

transfer.  The movant should attach "affidavits showing the materiality of the matter to which these witnesses will testify." <u>Sadler v. Hallsmith Sysco Food Servs.</u>, No. 08-4423, 2009 U.S. Dist. LEXIS 33682, at *10 (D.N.J. Apr. 21, 2009) (citation omitted).  In <u>Sadler</u>, the court noted that the defendants failed to provide descriptions of the witnesses' testimony, thus not demonstrating their importance and the need for transfer.  <u>Id.</u> at *9-*10.  Even if a defendant does attach such an affidavit, the defendant must still demonstrate that the witnesses would "<u>actually</u> be unavailable for trial."  <u>Jumara</u>, 55 F.3d at 879 (emphasis added).

    The defendant lists five witnesses who are located in Georgia, suggesting that their residency in Georgia makes venue in Georgia more convenient. (Dkt. entry no. 21, Buckley Aff. at ¶ 3.)  The defendant, however, in no way indicates the materiality of these witnesses' testimony.  Further, the defendant has not demonstrated that any of the witnesses will actually be unavailable to appear in New Jersey.  Thus, the defendant failed to show any true inconvenience to these witnesses.  (<u>Id.</u>)

    It is further noted that the District of New Jersey is a more convenient forum for the plaintiff.  Plaintiff is a citizen of New Jersey and his work under the Agreement was to be performed primarily in his New Jersey home, further demonstrating the appropriateness of venue in New Jersey.  (Am. Compl. at ¶ 7.)

Zapf, 2005 U.S. Dist. LEXIS 36379, at *1 (denying motion to transfer to defendant employer's home state, as, inter alia, plaintiff employee was a citizen of, and worked mainly in, New Jersey); Dean v. HandySoft Corp., No. 04-5387, 2005 U.S. Dist. LEXIS 2127, at *1, *5-*6 (E.D. Pa. Feb. 16, 2005) (denying motion to transfer to employer's home state of Virginia, when plaintiff employee worked from his home in Pennsylvania). While the defendant is a citizen of the Southern District of Georgia, transfer is not granted when it "would merely switch the inconvenience from the defendant to the plaintiff." Market Transition Facility v. Twena, 941 F.Supp. 462, 467 (D.N.J. 1996).

### B. Public Factors

The defendant further alleges that the public factors outlined in Jumara dictate that transfer is proper. (Def. Br. at 5-6.) The defendant argues that the trial would be more expeditious in the Southern District of Georgia because of a smaller caseload and a faster time from filing to disposition. (Def. Br. at 5.) In Jumara, the court noted that court congestion supports transfer if transfer would make the trial more expeditious. 55 F.3d at 879. This consideration, however, is never afforded much weight. Sadler, 2009 U.S. Dist. LEXIS 33682, at *12. Thus, the defendant's argument is not persuasive.

The defendant also contends that Georgia has a greater interest in deciding the controversy. (Def. Br. at 5.) The defendant fails, however, to articulate why Georgia's interest in adjudicating the dispute is any greater than that of New Jersey.

The defendant's final argument under the public factor analysis is based on the familiarity of the trial judge with applicable state law. (Def. Br. at 6.) The defendant argues that Georgia law should govern the contract dispute, and a Southern District of Georgia judge would be more familiar with the applicable law. (Id.) When the area of law is not complex, however, the applicable state law is not given much weight in the transfer analysis. Sadler, 2009 U.S. Dist. LEXIS 33682, at *11. The defendant has not alleged that the area of law is complex, nor has it alleged any reason that a District of New Jersey judge would have difficulty interpreting the law of another state. Furthermore, it is not entirely clear whether the law of Georgia or New Jersey will apply as the Agreement lacks a clause on that issue. (1-17-07 Agreement.)

## CONCLUSION

The Court, for the reasons stated supra, will deny the motion. The Court will issue an appropriate order.

                                                s/Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    September 28, 2009